**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
Richmond Division

| | | |
|---|---|---|
| AMY D. FRANCISCO, | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 3:09cv737-DWD |
| VERIZON SOUTH, INC., | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

This matter is before the Court by consent of the parties pursuant to 28 U.S.C. § 636(c)(1) on Defendant's motion for taxation of bill of costs (docket no. 77) ("Bill of Costs") and Plaintiff's objections thereto (docket no. 78).[1] The Court has thoroughly reviewed the submissions and finds that oral argument would not aid in the decisional process. For the reasons discussed herein, Plaintiff's objections are SUSTAINED, in part, and OVERRULED, in part. Accordingly, Defendant's bill of costs is GRANTED, in part, and DENIED, in part, and judgment for the Defendant shall be entered in the amount of four thousand three hundred forty eight and 70/100 dollars ($4,348.70).

### I. FACTUAL AND PROCEDURAL HISTORY

Verizon South, Inc. ("Verizon" or "Defendant"), which prevailed on summary judgment in this case, seeks costs in the amount of seven thousand five hundred sixty four and 40/100 dollars ($7,564.40), the total amount of which includes service of process fees, fees for printed or

---

[1] Typically, pursuant to E.D. Va. Loc. R. 54(D)(2), the Clerk makes the initial determination as to the taxation of costs. In this case, however, pursuant to the Rule, the Clerk has referred the resolution of the objections to the Court (Docket No. 89).

1

electronically recorded transcripts, printing and copying fees, and other costs. Plaintiff objects, arguing that the Bill of Costs is not adequately itemized and that the costs are not properly taxable pursuant to 28 U.S.C. § 1920.

Defendant's Bill of Costs contains the following items:

| | | |
|---|---|---|
| (1) | Fees for service of summons and subpoena | $25.00 |
| (2) | Fees for printed or electronically recorded transcripts | $4,351.40 |
| (3) | Fees and disbursements for printing | $763.50 |
| (4) | Other costs | $2,424.50 |
| | TOTAL: | $7,564.40 |

Amy D. Francisco ("Francisco" or "Plaintiff") filed an Opposition to Defendant's Bill of Costs on December 6, 2010 (docket no. 78) ("Pl.'s Opp'n"), and Defendant responded thereto on December 16, 2010 (docket no. 79) ("Def.'s Resp."). Plaintiff then filed an Objection to Defendant's Response (docket no. 80) ("Pl.'s Obj."), arguing that Defendant's Response was untimely.

## II.    ANALYSIS

**A.    Timeliness of Defendant's Response and Rule 11 Sanctions**

Plaintiff has moved to strike Defendant's response to the objections as untimely pursuant to this Court's local rules[2], and Defendant asserts that such motion is sanctionable pursuant to Fed. R. Civ. P. 11. The Court, exercising its discretion, denies both motions.

First, regarding the timeliness of Defendant's response, Plaintiff fails to make any showing of prejudice as a result of the alleged untimely filing.[3] As a general rule, enforcement

---

[2] This case commenced November 20, 2009. Fed. R. Civ. P. 6 was amended on March 26, 2009, with an effective date of December 1, 2009. According to the order issued by the Supreme Court of the United States, the amendments "shall govern all proceedings thereafter commenced, and insofar as just and practicable, all proceedings then pending." Order Amending Fed. R. of Civ. P. March 26, 2009, *available at* http://www.supremecourt.gov/orders/courtorders/frcv09.pdf. Application of either the prior or current version of Rule 6 yields the same result, so the Court, in the interest of practicality, proceeds under the rules currently in effect.

of local rules is within the sound discretion of the Court. Michael v. Sentara Health Sys., 939 F. Supp. 1220, 1225 n.3 (E.D. Va. 1996). In Jefferson v. Briner, No. 3:05cv652, 2006 WL 2850648, at *1 (E.D. Va. Sept. 29, 2006), this Court exercised its discretion to substantively consider untimely objections to a bill of cost. Likewise, the Court denies Plaintiff's motion to strike Defendant's response to the objections as untimely, and will consider the substantive arguments raised therein.[4]

Second, regarding Defendant's assertion of sanctions under Rule 11, Defendant has not sufficiently established its attempt to confer in good faith, as required by the "safe harbor" clause in Rule 11. See Fed. R. Civ. P. 11(c)(2). Rule 11(b)(2) permits a party to correct or withdraw the challenged paper, claim, defense, contention or denial within twenty one (21) days of service. There is no showing here that the parties attempted to confer regarding the request for sanctions. Accordingly, the Court having discretion whether to issue sanctions under Rule 11, declines to do so here. See Ost-West-Hendel Bruno Bischoff GMBH v. Project Asia Line, Inc., 160 F.3d 170, 177 (4th Cir. 1998); Edmond v. Consumer Protection Division, 934 F.2d 1304, 1313 (4th Cir. 1991).

---

[3] Defendant's response was, indeed, timely filed. Compare Fed. R. Civ. P. 6(a), (d) with 2005 Amendments to Fed. R. Civ. P. 6(e) advisory committee notes. Fed. R. Civ. P. 6(e) is now Fed. R. Civ. P. 6(d).

[4] As a matter of practice, federal courts tend to consider untimely briefs and objections, in the court's discretion, where no showing of prejudice is made. See, e.g., Gordon v. Heinman, 715 F.2d 531, 536 (11th Cir. 1983) (quoting Brown v. Palmetto 681 F.2d 1325, 1327 (11th Cir. 1982)) ("'a claim for attorney's fees would be untimely only on a showing of unfair surprise or prejudice.'"); Sportsmans Warehouse, Inc. v. LeBlanc, No. 07-cv-01271-WDM-KMT, 2008 U.S. Dist. LEXIS 88359, at *1 (D. Colo. Oct. 20, 2008) (defendant asserted no prejudice as a result of an untimely mailing); Sanmina Corp. v. BancTec USA, Inc., No. 3-99-CV-665-H, 2004 U.S. Dist. LEXIS 23656 (N.D. Tex. Nov. 19, 2004) (district court permitted untimely bill of costs where no prejudice could be shown to result from the untimely filing); Wabnum v. Snow, No. 97-4101-SAC, 2001 U.S. Dist. LEXIS 22405, at *3-4 (D. Kan. Nov. 26, 2001) (objection to bill of costs was not untimely, even when the objections were filed five months after the bill of costs, because there was no showing of prejudice).

**B.      Bill of Costs**

Fed. R. Civ. P. 54(d) allows a prevailing party to recover costs, other than attorney's fees. Rule 54 does not grant the district court "unrestrained discretion to reimburse the winning litigant for every expense he has seen fit to incur." Farmer v. Arabian Am. Oil. Co., 379 U.S. 227, 234 (1964). Accordingly, the court may only tax those costs authorized by statute. Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 444-45 (1987). However, the court has wide latitude to award costs, so long as the costs are enumerated in the general taxation-of-costs statute, 28 U.S.C. § 1920. Id. Moreover, the Fourth Circuit has held that Rule 54(d)(1) creates a presumption that the prevailing party will be awarded costs. Fells v. Virginia Department of Transportation, 605 F. Supp. 2d 740, 742 (E.D. Va. 2009) (citing Cherry v. Champion Int.'l Corp., 186 F.3d 442, 446 (4th Cir. 1999)).

The statute identifies the following as costs a court may tax: 1) fees of the clerk and the marshal; 2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case; 3) fees and disbursements for printing and witnesses; 4) fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; 5) docket fees under 28 U.S.C. § 1923; 6) compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under 28 U.S.C. § 1828. See 28 U.S.C. § 1920.

Since summary judgment was granted in favor of Verizon, it is the prevailing party entitled to recover costs. However, as the prevailing party, Verizon bears the burden of showing that the requested costs are allowable under § 1920. See Cofield v. Crumpler, 179 F.R.D. 510, 514 (E.D. Va. 1998). Once the prevailing party has met this burden, the burden shifts to the party or parties that did not prevail to identify any impropriety of taxing the proposed costs. Id.

The Court's award of costs will not be disturbed on appeal, absent an abuse of discretion. Herold v. Hajoca Corp., 864 F.2d 317, 321 (4th Cir. 1988).

Francisco objects to all fees requested by Defendant, arguing that the Court should deny the Bill of Costs in its entirety. (Pl.'s Opp'n at 1.) Specifically, she objects to Verizon's request for reimbursement of private process server fees, expedited deposition transcripts, costs for discovery services, attendance fees of court reporters, costs for distribution and printing, and other costs for deposition transcripts. (Pl.'s Opp'n at 1-4.) Although Francisco attempts to object to the entire Bill of Costs, she does not raise a specific basis for her objection to the fee charged by Kohl's Department Store for employment records. Absent a specific objection as to this item, the Court summarily grants Defendant that particular cost. See Cofield, 179 F.R.D. at 514. Plaintiff's remaining specific objections to the Bill of Costs are addressed in turn.

1. **Costs for Private Process Server**

Plaintiff objects to the request of $25.00 for service of subpoenas by a private process server. (Pl.'s Opp'n at 4.) Defendant listed $25.00 in fees for service of subpoenas, and receipts attached indicate that the subpoenas were delivered by a private process server. (Bill of Costs at 4-5.) Plaintiff argues that costs incurred as a result of utilizing a private process server are not taxable in this Court. See Cofield, 179 F.R.D. at 516 ("private process server fees are not properly recoverable under the general taxation-of-costs statute, 28 U.S.C. § 1920").

Case holdings in this District are divided on the issue of whether fees for private process servers can be taxed as costs. In Ford v. Zalco Realty, 708 F. Supp. 2d 558, 561-62 (E.D. Va. Mar. 25, 2010), Synergistic International, LLC v. Korman, No. 2:05cv49, 2007 WL 517676, at *2 (E.D. Va. Feb. 8, 2007), Goldstein v. Costco Wholesale Corp., No. 02-1520-A, 2004 U.S. Dist. LEXIS 22041, at *8 (E.D. Va. June 14, 2004), and Cofield, 179 F.R.D. at 516, the Eastern

District of Virginia noted the split in caselaw and disallowed the taxation of such costs where Congress had not yet authorized fees for private process servers to be taxed as costs. Several federal courts of appeal, notably, the Second and Eighth Circuits, are in agreement with the position. See, e.g., United States ex rel Evergreen Pipeline Constr. Co. v. Merritt Meridian Constr. Corp., 95 F.3d 153, 172 (2nd Cir. 1996); Crues v. KFC Corp., 768 F.2d 230, 234 (8th Cir. 1985); Pion v. Liberty Dairy Co., 922 F. Supp. 48, 53 (W.D. Mi. 1996); Zdunek v. Washington Metro. Area Transit Auth., 100 F.R.D. 689, 692 (1983). Additionally, the Taxation of Costs Guidelines for the Eastern District of Virginia classifies private process server fees as non-taxable. Taxation of Cost Guidelines for Eastern District of Virginia at 1, 2 (2010).[5]

      In contrast, the Western District of Virginia, in Hairston Motor Co. v. Northland Insurance Co., No. 94-0053-D, 1994 U.S. Dist. LEXIS 15625, 1994 WL 874390 (W.D. Va. Sept. 23, 1994) and in John Witten Tunnell v. Ford Motor Co., No. 4:03CV074, 2005 U.S. Dist. LEXIS 28163, *9 (W.D. Va. Nov. 10, 2005), awarded fees for private process servers as taxable costs, and other courts have likewise ruled. See Tang How v. Edward J. Gerrits, Inc., 756 F. Supp. 1540 (S.D. Fla. 1991), aff'd, 961 F.2d 174 (11th Cir. 1992); Roberts v. Homelite Div. of Textron, Inc., 117 F.R.D. 637, 641 (N.D. Ind. 1987); Card v. State Farm Fire & Cas. Co., 126 F.R.D. 658, 662 (N.D. Miss. 1989), aff'd, 902 F.2d 957 (5th Cir. 1990). The rationale of such cases is that, given the apparent congressional intent to make service of process fees a taxable item, and due to the substitution of private process servers for the U.S. Marshal's Service in such matters in recent years, taxation of costs for special process servers is justifiable. Moreover, while other courts have allowed private process server fees, they have done so only to the extent

---

[5] Available at http://www.vaed.uscourts.gov/courtdocs/civil-forms/Taxing%20of%20Costs%20Guidelines.pdf.

that the fees do not exceed costs charged by the Marshal's Service. Griffith v. Mt. Carmel Medical Center, 157 F.R.D. 499, 508 (D. Kan. 1994).

The Fourth Circuit has not ruled on the issue, but this Court is persuaded by "the weight of the cases in this district, as well as the one which has most recently addressed this issue, Synergistic International, LLC, 2007 WL 517676, at *2, [which] hold that private process server fees are not taxable under 28 U.S.C. § 1920." Ford, 708 F. Supp. 2d at 561. Therefore, the Court concludes that Defendant is not entitled to recover as costs the twenty five dollars ($25.00) assessed by Hester Process Service, Inc.

### 2. Deposition Costs

#### a. Depositions Generally

Section 1920(2) permits the prevailing party to recover costs for "fees for printed or electronically recorded transcripts *necessarily* obtained for use in the case." 28 U.S.C. § 1920(2) (emphasis added). The Fourth Circuit has held that costs of a deposition should be awarded "when the taking of a deposition is *reasonably necessary* at the time of its taking." Jop v. City of Hampton, 163 F.R.D. 486, 488 (E.D. Va. Oct. 20, 1995) (emphasis added) (quoting LaVay Corp. v. Dominion Federal Savings & Loan, 830 F.2d 522, 528 (4th Cir. 1987)). The court must determine whether the deposition was "reasonably necessary for preparation at trial" at the time it was taken, and must be guided by its own understanding of the necessities of legal practice, applied to the facts and circumstances of the individual case. Jop, 163 F.R.D. at 488. In order for the deposition to be necessary, it needs only to be relevant and material for the preparation in the litigation. Ford v. Zalco Realty, Inc., 708 F. Supp. 2d 558, 562 (E.D. Va. 2010) (citing Cofield v. Crumpler, 179 F.R.D. 510, 518 (E.D. Va. 1998)). The deposition does not have to be used in trial, or even in a motion for dispositive relief. See LeVay Corp., 830 F.2d at 528.

7

Additionally, even if it is not used at trial, "[a] deposition taken within the proper bounds of discovery" is normally "deemed to be 'necessarily obtained for use in the case.'" Signature Flight Support Corp. v. Landow Aviation Ltd. Partnership, 730 F. Supp. 2d 513, 531 (E.D. Va. 2010) (quoting Cofield, 179 F.R.D. at 518.)).

Plaintiff objects to Defendant's request for costs related to Verizon's acquisition of deposition transcripts. (Pl.'s Opp'n at 1-2.) Specifically, Plaintiff argues that most of the deposition transcripts were not used by Defendant in its motion for summary judgment and, therefore, Plaintiff should not be taxed for such depositions. (Pl.'s Opp'n at 2.) Defendant argues that it "had to purchase the transcripts of all of those depositions in order to prepare its summary judgment motion … because it needed the depositions in order to be prepared to respond to [Plaintiff's] summary judgment opposition." (Def.'s Resp. at 2.)

According to the Court's review of the Bill of Costs, ten individuals were deposed, including the Plaintiff.[6] (Bill of Costs at 6.) (persons included Faye Harrison, Joann Clements, LaResa McNeil, Louise Shutler, Amy Francisco, Gregory Marshen, Kenna Ashley, Debra Nuckles, Donald Albert, and Sharon Hankins). The costs associated with Shutler's deposition and with Francisco's deposition are addressed below, leaving a balance of eight depositions at issue. Defendant ordered transcripts of all depositions taken by Plaintiff (including the eight depositions at issue here), in order to prepare for Plaintiff's opposition to Defendant's summary judgment motion. The eight individuals are employees of Verizon South, including Plaintiff's supervisors and co-workers, all of whom had relevant information to provide. Verizon could not be reasonably expected to anticipate every manner in which the depositions might be used, who

---

[6] Neither party appeared able to accurately identify the number of depositions taken in the case. According to Plaintiff, twelve depositions occurred (Pl.'s Opp'n at 1), while Defendant calculates the number at nine (Def.'s Resp. at 2). As far as the Court can decipher from its review of the record, ten individuals were deposed.

8

among the deponents Francisco might call to testify at trial, or even whether or not the case would proceed to trial. Accordingly, given such uncertainties, the costs of the depositions should be awarded to Defendant because, at the time they were taken, they were reasonably necessary for the defense of the litigation. See LeVay Corp., 830 F.2d at 528.

However, the Bill of Costs appears to duplicate the costs associated with the depositions of two individuals, Greg Marshen and Donald Albert. (Bill of Costs at 6.) A review of the attached invoices does not clarify whether those individuals were deposed twice; rather, the dates of the invoices and the appearance of a late fee charge suggests that the second charge for each of the individual depositions is not a new charge for a second session, but merely a repetition of the prior charge as a part of the balance due. (See Bill of Costs at 6, 10, 12-13.) Given that Defendant's Response contains no explanation of the subsequent charge, the Court finds that the Defendant has not met its burden to substantiate the second charge for each of the two depositions. Accounting for such an apparently duplicative cost, Verizon is awarded costs of $1,854.60, representing the deposition costs of the eight deponents, other than Shutler and Plaintiff.

### b. Court Reporter Attendance Fees

Defendant also requests $110.00 for the court reporter's attendance on October 7, 2010. (Bill of Costs at 6, 14.) In addition, $1,308.40 is requested by Defendant for the deposition transcript cost of Amy Francisco's deposition and the corresponding court reporter's attendance fee. Plaintiff objects to the assessment of the attendance fee of the court reporter in both instances. (Pl.'s Opp'n at 2.)

As noted earlier, the Fourth Circuit has held that costs of deposition are taxable when the deposition is used at trial, or when the taking of a deposition is *reasonably necessary at the time*

9

*of its taking*. Cofield,179 F.R.D. at 517 (emphasis added) (quoting LaVay Corp, 830 F.2d at 528). The district court has great latitude to determine whether depositions were reasonably necessary. See Cofield, 179 F.R.D. at 518. If the deposition was "reasonably necessary" in preparation for the litigation, the prevailing party is entitled to reimbursement for all costs incident to the deposition, including the cost of the court reporter's attendance and the deposition transcript cost. See Cofield, 179 F.R.D. at 518 (quoting Scallet, 176 F.R.D. 522, 526-27 (W.D. Va. Sept. 30, 1997)). The proper inquiry is whether the deposition was "necessary to counsel's effective performance and proper handling of the case." See Cofield, 170 F.R.D. at 518 (quoting Marcoin, Inc. v. Williams & Co., 88 F.R.D. 588, 590 (E.D. Va. Nov. 14, 1980). The material from the deposition need not be used a trial, but need only be "relevant and material" for the preparation of litigation. See Scallet, 176 F.R.D. at 9. Plaintiff has not objected to the requested deposition costs of Amy Francisco, and because the deposition of the Plaintiff was reasonably necessary to prepare for the litigation, costs incident to the taking of this deposition are proper, including the court reporter's attendance fees.

Plaintiff also objects to the court reporter attendance fees incurred on the day of the hearing on the motion for summary judgment, October 7, 2010. (Pl.'s Opp'n at 2.) Defendant argues that those costs should be charged to Plaintiff because the Court did not provide a court reporter. (Def.'s Resp. at 3.)[7] In Board of Directors, Water's Edge v. Anden Group, 135 F.R.D. 129, 137 (E.D. Va. 1991), however, the court concluded that transcripts of pretrial proceedings were "necessary to counsel's effective performance and proper handling of the case." (quoting Principe v. McDonald's Corp., 95 F.R.D. 34, at 36 (E.D. Va. 1982)). Because Francisco has appealed the Court's grant of summary judgment to the U.S. Court of Appeals for the Fourth

---

[7] The Court's court reporters, although not present at the hearing, are available to transcribe the recording made by the Court's recording system at the time.

Circuit, the transcript from that hearing is, indeed, reasonably necessary to Verizon's further efforts on appeal. Given the reasoning in Board of Directors, Water's Edge, the Court therefore concludes that the court reporter's attendance fee for the hearing is a reasonable fee pursuant to the rationale enunciated in Cofield, 179 F.R.D. at 518.

### c. Costs for Expedited Deposition Transcripts

Expedited delivery is properly taxed to the non-prevailing party when such delivery is reasonable. Synergistic Int'l, LLC, 2007 WL 517676, at *3. In this instance, during the deposition of Louise Shutler, Plaintiff's counsel intimated that Defendant's counsel's conduct during the deposition was sanctionable. See Def.'s Resp. at 3-4; Pl.'s Mem. in Supp. Mot. Sanctions at 2-9 (docket no. 42). Defendant argues that it ordered the expedited deposition transcript to assess the potential sanctions motion and prepare a response. Indeed, Plaintiff subsequently filed a Motion for Sanctions (docket. no. 42) a mere sixteen days after the deposition occurred. Defendant then filed its opposition thereto on September 3, 2010 (docket no. 52.) As part of its omnibus Memorandum Opinion (docket no. 75), issued November 24, 2010, the Court declined to grant the requested sanctions. (Mem. Opinion at 3-5.) Accordingly, the Court finds that the expedited delivery of the deposition was proper, given Defendant's need to thoroughly prepare for, and timely respond to, the subsequent motion for sanctions. Accordingly, the cost of the expedited deposition of Lori Shutler in the amount of $786.90 is properly taxable against the Plaintiff.

### 3. Costs for Distribution and Printing

Defendant has also requested $763.50 for fees and disbursements for printing costs. (Bill of Costs at 1, 15.) The vendor utilized for this purpose, Ikon, charged $285.90 for processing of Plaintiff's ESI (electronically stored information) production, and Verizon requests $477.60 for

copying two sets of 2,388 pages associated with the production of Verizon paper documents, at a rate of $.10 per page. (Bill of Costs at 15.) Plaintiff argues that such costs are not taxable under § 1920 because "these tasks 'in a non-electronic document case … would be performed by paralegals and associate attorneys and would not be compensable as costs under 28 U.S.C. § 1920.'" (Pl.'s Opp'n at 3 (quoting Kellogg Brown & Root Int'l, Inc. v. Altanmia Commercial Mktg Co. W.L.L., No. H-07-2684, 2009 U.S. Dist. LEXIS 44137, at *14 (S.D. Tex. May 26, 2009)).

### a. Copy Costs

This Court has previously adopted the rule that copying costs are necessarily incurred in the pursuit of a successful effort, whether or not the materials are actually made part of the record. Jefferson v. Briner, Inc., No. 3:05cv652, 2006 WL 2850648, at *2 (E.D. Va. Sept. 29, 2006); see also Rodriguez-Garcia v. Davila, 904 F.2d 90 (1st Cir. 1990) ("…if the costs were reasonably necessary to the maintenance of the action, then they are allowable."); Illinois v. Sangamo Const. Co., 657 F.2d 855, 867 (7th Cir. 1981) (copying costs properly awarded for any document "necessarily obtained for use in the case" without having to be formally made part of the record) (citing 28 U.S.C. §1920(4)). Additionally, in Synergistic International, the court held that copying costs were "necessary to the litigation and are properly taxable." Synergistic Int.'l, LLC, 2007 WL 517676, at *5. There, the court awarded the prevailing party copying expenses at a rate of $.10 per page, the same rate as charged in this case. Compare Synergistic Int.'l, 2007 WL 517676, at *5 with Bill of Costs at 15.

Defendant asserts that the documents were copied for the purpose of producing them to the Plaintiff. (Def.'s Resp. at 4.) "The burden is on the party seeking recovery of photocopying costs to demonstrate the reasons for each copying charge." Ford, 708 F. Supp. 2d at 563. In

Ford, the court refused to tax copying costs where the defendant submitted a receipt for "heavy litigation photocopying," without further explanation. Here, Defendant's explanation for the copy charges – "copying charges associated with production of Verizon paper documents" – is almost as vague. Additionally, Defendant did not provide a separate receipt explaining or itemizing the copy costs involved. Because Defendant has not explained, as is its burden, why two sets of copies were needed, the Court finds that the copying cost amounting to $238.80, representing the cost of only one set of copies, was necessary to the litigation and is properly taxable against the Plaintiff.

      **b.    IKON Costs**

Local Rule 54(D)(1) provides that "[s]uch bill of costs shall distinctly set forth each item thereof so that the nature of the charge can be readily understood. An itemization and documentation for requested costs in all categories shall be attached to the cost bill. Costs will be disallowed if proper documentation is not provided." E.D. Va. Loc. R. 54(D)(1). Additionally, as this Court noted in Jefferson v. Briner, 2006 WL 2850648, at *1 n.2, "[section] 1920 'enumerates expenses that a federal court may tax' and rule 54(d) 'grants a federal court discretion to refuse to tax costs' which § 1920 would have otherwise permitted" (citing Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 442 (1987)). In light of such discretion, and the requirement for providing proper documentation, the Court declines to grant to Defendant the costs attributed to the IKON processing of Plaintiff's ESI production in the requested amount of $285.90. Verizon has failed to clearly indicate what the charges represent, and the Court cannot otherwise discern such from the invoices that have been presented.

13

### 4. Costs for Discovery Services

Plaintiff objected to Defendant's request of $2,374.50 for costs incurred in the processing, storage, and production of ESI. (Pl.'s Opp'n at 3.) The Fourth Circuit has not addressed whether taxable expenses include electronic methods of exemplifying and copying documents. Fells, 605 F. Supp. 2d at 743. However, the Sixth Circuit has held that "electronic scanning and imaging could be interpreted as 'exemplification and copies of papers.'" Fells, 605 F. Supp. 2d at 743 (citing BDT Products, Inc. v. Lexmark Int.'l, Inc., 405 F.3d 415, 419-20 (6th Cir. 2005)) (finding no abuse of discretion in the district court's taxing of electronic scanning and imaging costs); see also Brown v. McGraw-Hill Cos., Inc., 526 F. Supp. 2d 950, 959 (N.D. Iowa 2007) (holding that "electronic scanning of documents is the modern-day equivalent of 'exemplification and copies of paper,' and therefore, can be taxed pursuant to § 1920(4)").

However, the court in Fells denied defendant's request because the "defendant [had] not claimed expense for electronic scanning of documents. Instead, [the] defendant [sought] the costs of 'electronic records initial processing, Metadata extraction, [and] file conversion,'" employing techniques to create "electronically searchable documents." Id. The court found that the defendant had not met its burden of showing how such costs, for creating electronically searchable documents, could be allowed pursuant to § 1920. Id. Accordingly, such costs were found not to be taxable. Id.

Francisco argues that Verizon similarly attempts to recover costs of creating electronically searchable documents. (Pl.'s Opp'n at 4.) In response, Verizon argues that it incurred costs related to retrieving emails in order to access them in a readable format as a result of requests made by Francisco herself. (Def.'s Resp. at 4.) Moreover, Defendant argues that such costs were incurred as a result of producing TIFF images (file format for storing images),

14

the equivalent of scanning and copying, and not just for the creation of a searchable database. (Def.'s Resp. at 5.)

There is no indication that electronic scanning was used merely for convenience of the parties. Additionally, the documents were produced by Defendant at the request of Plaintiff. However, unlike the scanning of documents in BDT Products, the method employed in this case (putting emails in readable format) more closely resembles the methods addressed in Fells. Although the documents in this case were not necessarily created to be electronically searchable, the technique involved more than merely converting a paper version into an electronic document. The technique may be *comparable* to scanning and copying, but it is not *identical* to the process of scanning and copying. The Fells court noted a similar feature when it rejected such costs, finding "the director … testified that these techniques are 'much like photocopying or scanning of paper records,' but he did not testify that these techniques *are* photocopying or scanning." Fells, 605 F. Supp. 2d at 743 (emphasis in original). Without more information as to what precise methods were employed, and for what purpose(s), Defendant has not met its burden of supporting its request for reimbursement of those costs. See Cofield, 179 F.R.D. at 514. Therefore, Verizon is not entitled to recover $2,374.50 for the processing, storage, and production of ESI.

**C.      Stay of Execution of Judgment**

Pursuant to Fed. R. Civ. P. 62(a), the parties are reminded that "no execution may issue on a judgment, nor may proceedings be taken to enforce it, until 14 days have passed after its entry." Fed. R. Civ. P. 62(a). However, Francisco may secure a stay of execution for the duration of her pending appeal by filing a supersedeas bond. See Fed. R. Civ. P. 62(d). See also Fed. R. App. P. 8; Secure Eng'g Servs., Ltd. v. Int'l Tech. Corp., 727 F. Supp. 261, 265 (E.D.

Va. 1989) (district court did not have authority to stay garnishment proceedings begun after expiration of Rule 62(a)'s then ten day stay but prior to the defendants' application for a stay pending appeal).

### III. CONCLUSION

For the foregoing reasons, Plaintiff's objections to Defendant's Bill of Costs are SUSTAINED, in part, and OVERRULED, in part. The Court ORDERS that costs of $4,348.7 shall be taxed against Plaintiff. Accordingly, Defendant's Bill of Costs is GRANTED, in part, and DENIED, in part.

Let the Clerk filed this Order electronically and notify all counsel accordingly.

It is so ordered.

/s/
DENNIS W. DOHNAL
UNITED STATES MAGISTRATE JUDGE

Date: March 1, 2011
Richmond, Virginia